1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEAVON PIERCE,                          No.  2:15-cv-2694 JAM KJN P

12                   Plaintiff,

13           v.                              FINDINGS AND RECOMMENDATIONS

14   SACRAMENTO NEWS AND REVIEW,
     et al.,
15

16                   Defendants.

17          Plaintiff Seavon Pierce is a state prisoner, proceeding without counsel, in a civil action.

18   He seeks leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(a).  On March 17, 2016,

19   plaintiff was directed to pay the appropriate filing fee within 21 days because he had filed three

20   prior lawsuits that were dismissed on the grounds that they were frivolous or malicious or failed

21   to state a claim upon which relief may be granted, in violation of 28 U.S.C. § 1915.  (ECF No. 8.)

22   On April 11, 2015, plaintiff filed objections to the order, but did not pay the filing fee.

23          For the reasons explained below, the court finds that plaintiff has not demonstrated he is

24   eligible to proceed in forma pauperis.

25          A prisoner may not proceed in forma pauperis:

26          if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
            any facility, brought an action or appeal in a court of the United States that was
27          dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
            upon which relief may be granted, unless the prisoner is under imminent danger of
28

                                               1

serious physical injury.

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has

brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

state a claim upon which relief may be granted:

(1) Pierce v. California State, CV 12-9211 UA (CW) (C.D. Cal.), November 20, 2012

(dismissed as frivolous, malicious or fails to state a claim upon which relief may be granted) (Id.,

ECF No. 5);

(2) Pierce v. Gonzales, 1:10-cv-0285 JLT (E.D. Cal.), December 3, 2012 (dismissed for

failure to state a claim) (Id., ECF No. 27);

(3) Pierce v. Warden of Lancaster, CV 13-1939 UA (CW), March 28, 2013 (dismissed as

frivolous, malicious or fails to state a claim upon which relief may be granted) (Id., ECF No. 2);

(4) Pierce v. Gonzales, No. 13-15114 (9th Cir.) (March 28, 2013 order denying motion to

proceed in forma pauperis on ground that appeal was frivolous, and May 7, 2013 order dismissing

appeal for failure to prosecute after plaintiff failed to pay the filing fee)[1];

(5) Pierce v. Lancaster State Prison, 2:13-cv-8126 (C.D. Cal.), December 3, 2013

(dismissed as frivolous, malicious or fails to state a claim upon which relief may be granted) (Id.,

ECF No. 6);

(6) Pierce v. Unknown, 1:15-cv-0650 DAD DLB (E.D. Cal.), December 1, 2015

(dismissed for failure to state a claim) (Id., ECF No. 38); and

(7) Pierce v. Birotte, No. 2:15-cv-7552 VAP CW (C.D. Cal. Oct. 4, 2015) (order

designating plaintiff a three-strikes litigant for purposes of § 1915(g) and listing four additional

---

[1] The dismissal of this appeal, styled as one for failure to prosecute, also qualifies as a strike.  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); see also, e.g., Lamon v. Junious, No. 1:09-cv-00484 AWI SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); Thomas v. Beutler, No. 2:10-cv-01300 MCE CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); Braley v. Wasco State Prison, No. 1:07-cv-01423 AWI BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

1    "strikes" incurred by plaintiff).

2           The section 1915(g) exception applies if the complaint makes a plausible allegation that

3    the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C.

4    § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to

5    apply, the court must look to the conditions the "prisoner faced at the time the complaint was

6    filed, not at some earlier or later time." Andrews, 493 F.3d at 1053, 1056 (requiring that prisoner

7    allege "an ongoing danger" to satisfy the imminence requirement).  Courts need "not make an

8    overly detailed inquiry into whether the allegations qualify for the exception." Id. at 1055.

9           In the complaint (ECF No. 1), plaintiff alleges no facts suggesting that he is under

10   imminent danger of serious physical injury.  In addition, plaintiff alleged no facts addressing this

11   exception in his April 11, 2016 filing.  Thus, the imminent danger exception does not apply.

12   Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to

13   § 1915(g).

14          Accordingly, because plaintiff has not paid the filing fee and cannot proceed in forma

15   pauperis, IT IS HEREBY RECOMMENDED that:

16          1.  Plaintiff's application to proceed in forma pauperis (ECF Nos. 2, 11) be denied; and

17          2.  This action be dismissed without prejudice to re-filing upon pre-payment of the

18   $400.00 filing fee.

19          These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, plaintiff may file written objections

22   with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

24   failure to file objections within the specified time may waive the right to appeal the District

25   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   Dated:  May 19, 2016

27

28   /cw/pier2694.1915g.fpf

                                                                 KENDALL J. NEWMAN
                                                                 UNITED STATES MAGISTRATE JUDGE

                                              3