UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO NEWS AND REVIEW, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-2694 JAM KJN P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On August 11, 2016, this action was dismissed without prejudice to plaintiff re-filing his action upon pre-payment of the $400.00 filing fee.  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (ECF No. 12 at 2) (collecting cases).  On August 29, 2016, plaintiff filed a motion for reconsideration.  On September 20, 2016, plaintiff filed a motion for consolidation of certain cases filed in this district.

　　　　Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted)

1

(addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion for reconsideration.  Instead, he merely repeats his arguments concerning the alleged merits of his underlying claims.  The undersigned found the magistrate judge's findings and recommendations to be supported by the record and by proper analysis, and adopted them in full.  Plaintiff must pay the filing fee to proceed with his claims.

Similarly, the court finds no good cause to consolidate plaintiff's actions filed in this district because the cases listed by plaintiff have all been terminated.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for reconsideration (ECF No. 18) is denied; and

2.  Plaintiff's motion for consolidation (ECF No. 19) is denied.

DATED: November 30, 2016

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE